NOT DESIGNATED FOR PUBLICATION

Nos. 123,051
123,052

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKIE JAMES ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed December 23, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM:  Rickie James Anderson appeals the district court's rulings revoking his probations and ordering him to serve his original sentences in two separate cases consolidated on appeal. We granted Anderson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks us to affirm the district court's judgment.

In 14CR2095, Anderson was convicted of possession of methamphetamine. The district court sentenced him to 12 months' imprisonment but granted probation for 12 months. After a couple of probation violations, Anderson was convicted in case No. 18CR231 of possession of methamphetamine and criminal possession of a weapon by a

1

felon. The district court imposed a controlling sentence in the new case of 25 months' imprisonment to run consecutive to the sentence in case No. 14CR2095, but the district court granted probation in each case for 18 months.

At a hearing on October 4, 2019, the district court found that Anderson violated his probation in each case on many different grounds including committing new crimes in Sedgwick County and in Burrton, Kansas. The district court revoked Anderson's probation and ordered him to serve his original sentence in each case. Anderson appealed and we granted his motion to docket out of time. The cases were consolidated on appeal.

On appeal, Anderson claims the district court "abused its discretion by revoking [his] probations and imposing his entire underlying sentences consecutively because no reasonable person would agree with that decision." He points out that he was hindered from successfully completing his probation because he was caring for his ill parents.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court gave Anderson many chances to succeed on probation, but he continued to commit new crimes. The district court may revoke probation without imposing an intermediate sanction if the offender commits a new crime while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C). The district court's decision to revoke Anderson's probation was not arbitrary, fanciful, or unreasonable, and it was not based on

an error of fact or law. Anderson has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentences.

Affirmed.